1

2

3

4                                                                **E-FILED on**    5/12/05

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11

12   CARY ANN MURPHY,                        │  No. C-04-3807 RMW

13              Plaintiff,                    │  ORDER GRANTING DEFENDANTS'
                                              │  MOTION TO DISMISS
14        v.                                  │
                                              │  **[Re Docket No. 18]**
15   UNITED STATES OF AMERICA, et. al.,       │

16              Defendants.                   │

17

18        Plaintiff Cary Ann Murphy ("Murphy") has sued the United States of America and the Department

19   of Veterans Affairs (collectively "the Federal Defendants") for disability discrimination, harassment, and

20   wrongful termination of employment in violation of public policy.  The Federal Defendants move to dismiss

21   the complaint.  The court has read the moving and responding papers and considered the arguments of

22   counsel.[1]  For the reasons set forth below, the court grants the Federal Defendants' motion.

23                                    **I.  BACKGROUND**

24        Murphy's complaint alleges that she was a registered nurse working at the Department of Veterans

25   Affairs ("VA") facility in Palo Alto.  Compl. ¶ 3.  On October 1, 2001, she entered a state-sponsored

26   rehabilitation program ("the program") for drug addiction.  *Id*. at ¶ 8.  The program informed her that she

27

28        [1]     Murphy filed her opposition one week late.  The Federal Defendants urge the court to
     "disregard" Murphy's papers.  Rep. Supp. Mot. Dism. at 1:19-20.  The court declines to do so.

     ORDER GRANTING DEFENDANTS' MOTION TO DISMISS —C-04-3807 RMW
     DOH

1  was required to stop nursing until further notice. *Id*. She relayed this information to her supervisor, Ms.

2  Paulson ("Paulson") through a series of phone calls in early October, 2001. *Id*. at ¶ 10.

3          On February 25, 2002, Special Agent Paul Laurie ("Laurie") of the Inspector General's Office told

4  Murphy that Paulson was planning to fire Murphy "based on her alleged AWOL status and purported lack

5  of communication with the VA." *Id*. at ¶ 11. Murphy was unable to contact the VA. *Id*. at ¶ 12. In

6  March 2002, Murphy attempted "to process her written requests for an authorized Family Leave" but was

7  blocked by "active resistance from her superiors at the VA." *Id*. at ¶ 15. Murphy informed Paulson on

8  May 6, 2002 that she "could use her nursing license, but could not provide direct patient care." *Id*. at ¶ 19.

9  Murphy "asked for any reasonable accommodations available," but Paulson ignored this request and

10  instead sent Murphy a Notice of Intent to Terminate Employment on May 9, 2002. *Id*. at ¶ 21.

11          In September 2002, Murphy retained counsel. *Id*. at ¶ 26. On July 2, 2003[2], the Federal

12  Defendants informed her that they would terminate her employment effective July 11, 2003 "because of her

13  perceived disability as a drug addict." *Id*. at ¶ 27. On May 18, 2004, Murphy filed a discrimination claim

14  with the California Department of Fair Employment and Housing ("the DFEH"). *Id*. at ¶ 30. She received

15  a Notice of Suit Rights on May 21, 2004. *Id*. at ¶ 31. On February 4, 2004, Murphy filed a Federal Tort

16  Claim with the Office of Regional Counsel ("the ORC"). *Id*. at ¶ 32. The ORC rejected the claim on

17  March 10, 2004. *Id*.

18          On September 9, 2004, Murphy filed this complaint for (1) disability discrimination in violation of

19  the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("the ADA") and the California Fair

20  Employment and Housing Act, Cal. Gov't Code §§ 12920 *et. seq.* ("the FEHA"); (2) harassment in

21  violation of the ADA and the FEHA; (3) retaliation in violation of the ADA and the FEHA; (4)

22  discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. ("the Rehabilitation

23  Act"); (5) discrimination in violation of the Family and Medical Leave Act, 29 C.F.R. §825.11 ("the

24  FMLA"); and (6) wrongful firing in violation of public policy.

25

26

---

27          [2]      At one point, the complaint states that the Federal Defendants sent the notice on "July 2,
2004" and informed Murphy that she would be fired "effective . . . July 11, 2003." Compl. ¶ 3. The court
28  assumes that the former date is a typo: other portions of the complaint allege that these events took place in
2003. *See id*. at ¶ 27.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS —C-04-3807 RMW
DOH                                                        2

1

## II.  ANALYSIS

2      Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a

3  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*

4  *v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  The court must accept the facts alleged in

5  the complaint as true.  *Id*.  "A complaint should not be dismissed 'unless it appears beyond doubt that the

6  plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Gilligan v.*

7  *Jamco Dev.Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46

8  (1957)).

9      Rule 12(b)(1) authorizes a party to seek dismissal for lack of subject matter jurisdiction.  Under

10 Rule 12(b)(1) "the plaintiff has the burden of proving jurisdiction" and "'must show in his pleading,

11 affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction.'" *Tosco Corp. v.*

12 *Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v.*

13 *McCullough*, 270 U.S. 456, 459 (1926)).

14      **A.      Claims Under the ADA, the FEHA, and the FMLA**

15      Murphy argues that the Federal Defendants violated the ADA, the FEHA, and the FMLA.  Compl.

16 ¶¶ 33-79, 92-95.  However, "[t]he United States, as a sovereign, is immune from suit unless it has waived

17 its immunity . . . .  In sovereign immunity analysis, any lawsuit against an agency of the United States . . . is

18 [also] considered an action against the United States." *Balser v. Department of Justice*, *Office of U.S.*

19 *Trustee*, 327 F.3d 903, 907 (9th Cir. 2003).  The doctrine is jurisdictional: generally, courts have no

20 power to entertain claims against the federal government.  *See McCarthy v. U.S.*, 850 F.2d 558, 560 (9th

21 Cir. 1988) ("whether the United States has waived its sovereign immunity against suits for damages is . . . a

22 question of subject matter jurisdiction").  Exceptions occur only where Congress waives the doctrine's

23 protections.  *See, e.g., U. S. v. Mitchell*, 445 U.S. 535, 538 (1980).  Such waivers "cannot be implied but

24 must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969).

25      Neither the ADA, the FEHA, nor the FMLA includes a waiver of sovereign immunity.  The ADA

26 excludes the United States from its provisions.  *See* 42 U.S.C.A. § 12111(5)(B)(i) ("the term "employer"

27 does not include . . . the United States [or] a corporation wholly owned by the government of the United

28 States).  Likewise, the FEHA applies only to "the state or any political or civil subdivision thereof and

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS —C-04-3807 RMW
DOH                                                   3

1  cities."  Cal. Gov't Code § 12926(d).  The FEHA could not apply to the federal government because it

2  was enacted by the California Legislature and "only Congress can waive immunity . . . ."  *California v.*

3  *NRG Energy Inc.*, 391 F.3d 1011, 1023 (9th Cir. 2004).  Finally, Murphy attempts to sue under Title I of

4  the FMLA.  *See* Compl. ¶ 94 (citing 29 U.S.C. § 2615(a)(1)).  However, Title II of the FMLA applies to

5  federal employees.  *See* 5 U.S.C. § 6381(1)(a) (defining "employee" to include "a physician, dentist, or

6  nurse in the Veterans Health Administration of the Department of Veterans Affairs").  Moreover, "the

7  absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private

8  suits for violations of its provisions."  *Russell v. U.S. Dept. of the Army*, 191 F.3d 1016, 1019 (9th Cir.

9  1999).  Thus, the court dismisses Murphy's ADA, FEHA, and FMLA claims.

10        **B.       Claim for Wrongful Termination of Employment in Violation of Public Policy**

11        Murphy alleges that the Federal Defendants fired her in contravention of public policy.  Compl. ¶¶

12  96-101.  However, an employee wrongfully fired from a federal job may only state a claim under Title VII

13  of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*. ("Title VII").  *See Brown v. General*

14  *Services Administration*, 425 U.S. 820, 829 (1976) (Congress intended Title VII "to create an exclusive,

15  pre-emptive administrative and judicial scheme for the redress of federal employment discrimination");

16  *Baqir v. Principi*, 288 F. Supp. 2d 706, 709 (W.D. N.C. 2003) (former VA cardiologist's claim for

17  "wrongful discharge in violation of . . . public policy . . . [was] preempted by Title VII").  Thus, the court

18  dismisses Murphy's cause of action for wrongful firing in violation of public policy.

19        **C.       Claim Under the Rehabilitation Act**

20        Murphy also alleges that the Federal Defendants violated the Rehabilitation Act.  Compl. ¶¶ 80-91.

21  Unlike the ADA, the FEHA, and the FMLA, a federal employee may sue the government under the

22  Rehabilitation Act.  *See* 29 U.S.C. § 794a(a)(2) (providing that the "remedies, procedures, and rights" in

23  Title VII "shall be available" to any federal employee complaining of discrimination against the

24  handicapped).  Nevertheless, "the same exhaustion requirements of Title VII" apply to claims under the

25  Rehabilitation Act.  *Boyd v. U.S. Postal Service*, 752 F.2d 410, 414 (9th Cir. 1984).  Under Title VII, a

26  federal employee "who believe[s] they have been discriminated against . . . must initiate contact with a

27

28

1   Counselor within 45 days of the date of the matter alleged to be discriminatory, or, in the case of personnel

2   action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a), (a)(1).[3]

3          The Federal Defendants fired Murphy on May 9, 2002 and July 2, 2003.  Compl. ¶¶ 21, 27.  Yet

4   Murphy does not allege that she *ever* contacted a Counselor.  In addition, the Federal Defendants filed a

5   declaration from an Equal Employment Opportunity ("EEO") Program Manager, Carmencita Lozano, who

6   stated that there is "no record of any EEO complaints filed by . . . Murphy."  Lozano Decl. Supp. Mot.

7   Dism. ("Lozano Decl.") ¶ 1.  Although the court cannot generally consider matters outside the pleadings on

8   a motion to dismiss, the same is not true for "[m]aterials outside the pleadings which relate to jurisdiction . .

9   . ."  *Pan American Co. v. Sycuan Band of Mission Indians*, 884 F.2d 416, 420 n.2 (9th Cir. 1989).

10  The complete failure to file an appropriate administrative complaint under Title VII is a jurisdictional defect.

11  *See Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001).[4]  Thus, the court can properly take

12  note of Lozano's declaration.  Because Murphy did not comply with the prerequisites for stating a claim

13  under Title VII, her Rehabilitation Act claim is dismissed.[5]

14

15          [3]   The statute establishes an exception where a plaintiff proves "that he or she was not notified
16  of the time limits and was not otherwise aware of them . . . ."  29 C.F.R. § 1614.105(a)(2).  Murphy does
    not argue that this exception applies.  Not could she: she alleges that she retained counsel in September
17  2002, well before she was fired again in July 2003.  Compl. ¶ 26.

18          [4]   Murphy claims that "the Title VII administrative exhaustion requirement is not jurisdictional."
    Opp. Mot. Dism. at 4:18-19.  For support, Murphy cites *Zipes v. TransWorld Airlines, Inc.*, 455 U.S.
19  385, 393 (1982), *Sommatino*, 255 F.3d at 708, and *Francis v. City of New York*, 235 F.3d 763, 767
    (2d Cir. 2000).  However, *Zipes* held only that "a *timely* charge of discrimination with the EEOC is not a
20  jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is
    subject to waiver, estoppel, and equitable tolling."  *Zipes*, 455 U.S. at 393 (emphasis added).  *Zipes* did
21  not address the issue of what happens when a plaintiff *never* complains to the EEOC.  Indeed, as
    *Sommatino* itself makes clear, "[i]n cases where a plaintiff has *never presented* a discrimination complaint
22  to the appropriate administrative authority, we have held that the district court does not have subject matter
    jurisdiction."  *Sommatini*, 255 F.3d at 708 (emphasis added).  Likewise, *Francis* reasoned that "[i]t is, of
23  course, logically possible that a *total failure* to present a particular claim to the EEOC raises a
    jurisdictional bar to bringing that claim in district court . . . ."  *Francis,* 235 F.3d at 767 (emphasis added).
24  Murphy is thus mistaken.

25          [5]   Of course, this fact also compels the conclusion that Murphy could not state a claim under
    Title VII itself.  Murphy tries to avoid this outcome by citing *Place v. Abbott Laboratories*, 215 F.3d
26  803, 806 (7th Cir. 2000) for the proposition that "even if a plaintiff whose underlying discrimination claim is
    barred for failure to exhaust his or her administrative remedy, that plaintiff may still prevail on a Title VII
27  claim that he or she was retaliated against for complaining about discrimination."  Opp. Mot. Dism. at 5:4-
    7.  But *Place* noted only that "[a] plaintiff whose underlying discrimination claim *fails* may still prevail on a
28  claim that she was retaliated against for complaining about discrimination."  *Place*, 215 F.3d at 806
    (emphasis added).  In fact, in *Place*, the plaintiff lost at trial, not because she had failed to exhaust
    administrative remedies.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS —C-04-3807 RMW
DOH                                                                          5

1

2                                    **III.  ORDER**

3          For the foregoing reasons, the court grants the Federal Defendants' motion.  Murphy's complaint is

4   dismissed.  Although it appears that any attempt to amend would be futile, the court grants twenty days

5   leave to amend as a matter of right since no responsive pleading was filed within the meaning of Fed. R.

6   Civ. P. 15(a).  *See Doe v. United States*, 58 F.3d 494, 496-97 (9th Cir. 1995).

7

8

9   DATED:        5/12/05                               /s/ Ronald M. Whyte

10                                                RONALD M. WHYTE
                                                 United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS —C-04-3807 RMW
DOH                                          6

1  **Notice of this document has been electronically sent to:**

2

3  **Counsel for Plaintiff(s):**

4  David Scott Secrest          secrest@batnet.com

5

6  **Counsel for Defendant(s):**

7  Claire T. Cormier          claire.cormier@usdoj.gov

8

9  Counsel are responsible for distributing copies of this document to co-counsel that have not registered for

10  e-filing under the court's CM/ECF program.

11

12

13  **Dated:**          5/12/05                              /s/ DOH

14                                                          **Chambers of Judge Whyte**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS —C-04-3807 RMW
DOH                                              7